IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| SHERRY MERRYMAN, | ) |
| Plaintiff, | ) No. |
| v. | ) |
| NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK | ) COMPLAINT FOR PERSONAL INJURIES IN TORT |
| Defendant. | ) |

COMES NOW the Plaintiff, above named, by and through attorney, Derek P. Radtke, of PHILLIPS LAW FIRM, and complains and alleges against the above named defendant as follows:

## I. PARTIES

1.1   Plaintiff Sherry Merryman is currently a resident of Forks, Clallam County, Washington. Plaintiff Sherry Merryman resided in Forks, Clallam County, Washington at all times relevant and material to this Complaint. At all times relevant, Plaintiff was a passenger of Defendant.

1.2   Upon information and belief, at all times relevant to this Complaint, Defendant National Railroad Passenger Corporation is a corporation doing business in Snohomish County, Washington. Defendant is a corporation duly organized and existing under law by virtue of the

COMPLAINT - 1

laws of the United States of America with its principal place of business in Washington, D.C. Defendant operates passenger rail services, within Snohomish County, Washington, as Amtrak. Defendant is a common carrier.

1.3   The Defendant's registered agent for service is CT Corporation. The agent's address is: 1015 15th Street NW, Suite 1000, Washington, DC 20005

## II. JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.1   Personal jurisdiction exists over Defendant National Railroad Passenger Corporation because the "tortuous act" and omissions giving rise to and causing the plaintiff's injury claims occurred in Snohomish County, Washington.

2.2   Venue is proper in Snohomish, Washington, because Defendant National Railroad Passenger Corporation operates within Snohomish County, Washington.

2.3   There is no unnamed entity that caused or contributed to Plaintiff's injuries.

2.4   This action was commenced within the time permitted by the applicable statute of limitations.

2.5   Defendant acknowledges that it has been properly served with the Summons and Complaint in this matter.

## III. FACTS

3.1   Date: The incident occurred on or about November 28, 2016.

3.2   Location: The incident occurred at Edmonds Station at 211 Railroad Avenue, Edmonds, WA 98020 in Snohomish County, Washington.

3.3   Details: On or about November 28, 2016, Plaintiff Sherry Merryman was attempting to disembark from a National Railroad Passenger Corporation Train. Agents of Defendant were aware that Plaintiff was disabled. Plaintiff had a "walker" with her that she used

COMPLAINT - 2

PHILLIPS LAW FIRM
17410 133rd Ave NE, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

for assistance. Defendant personnel failed to provide any assistance to Plaintiff as she disembarked. Plaintiff was advised to use a foot stool to step off the train, without assistance provided. Plaintiff fell as she got off the train and sustained serious injuries.

3.5 Injuries: Plaintiff suffered personal injuries, including but not limited to a broken leg, requiring extensive care.

## IV. NEGLIGENCE

4.1 Duties of National Railroad Passenger Corporation: Defendant is a common carrier. The Defendant National Railroad Passenger Corporation, by and through its agents, servants and/or employees, owed Plaintiff a duty to exercise the highest degree of care consistent with the practical operation of its type of transportation and its business as a common carrier. Further, the Defendant, its agents, servants and/or employees had a duty to:

(a) Defendant was aware that Plaintiff was disabled, and that the hazards of travel were increased for her. Defendant had the duty to provide that amount of additional care which is reasonably required under the circumstances consistent with the practical operation of its type of transportation and its business as a common carrier.

(b) Provide safe and adequate transportation of passengers, including but not limited to assistance with embarking and disembarking;

(c) Provide passengers with assistance in embarking and disembarking when required due National Railroad Passenger Corporation's own requirements and/or rules.

4.2 Breach. Defendant breached its duties as set forth in paragraphs 3.1 through 4.1.

4.3 Proximate Cause. As a direct and proximate cause of Defendant's breach of its duties as set forth in paragraphs 3.1 through 4.2, Plaintiff has suffered personal injuries.

COMPLAINT - 3

PHILLIPS LAW FIRM
17410 133rd Ave NE, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

4.4   Vicarious Liability:   Agent of defendant, John Doe, the conductor of the train on the date of this incident, was a duly authorized agent, servant, and employee of National Railroad Passenger Corporation, and was acting within his scope of employment at the time of the incident.

## V. NO COMPARATIVE FAULT

5.1   Plaintiff was without negligence of any kind or nature whatsoever and did not contribute to her own injuries or damages in any way.

## VI. DAMAGES

6.1   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe physical injuries and is entitled to fair and reasonable compensation.

6.2   As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred medical expenses and other out-of-pocket expenses and is entitled to fair and reasonable compensation.

6.3   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer severe physical pain and suffering and is entitled to fair and reasonable compensation.

6.4   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress, loss of enjoyment of life, past and future disability, and permanency of injury. Plaintiff is entitled to fair and reasonable compensation.

6.5   As a direct and proximate result of the negligence alleged herein, Plaintiff has sustained past wage loss and loss of future earning capacity.

COMPLAINT - 4

PHILLIPS LAW FIRM
17410 133rd Ave NE, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

6.6     As a direct and proximate result of the negligence alleged herein, Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief:

7.1     Special Damages for Plaintiff in such amounts as are proven at trial.

7.2     General Damages for Plaintiff in such amounts as are proven at trial.

7.3     Costs including reasonable attorney's fees for Plaintiff as are proven at trial.

7.4     Prejudgment Interest on all liquidated damages.

7.5     For such other and further relief as the court deems just, equitable and proper for Plaintiff at the time of trial.

DATED THIS ____ day of May 2017.

PHILLIPS LAW FIRM

_____
Derek P. Radtke, WSBA #27277
Attorney for Plaintiff

COMPLAINT - 5

PHILLIPS LAW FIRM
17410 133rd Ave NE, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653